UNITED STATES DISTRICT COURT
FILED
AUG 17 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAMARIO L. JAMES,

Plaintiff,

v.

23-CV-1308 (JLS)

DR. BATISTA,

Defendant.

**DECISION AND ORDER**

*Pro se* Plaintiff Damario L. James is confined at Five Points Correctional Facility[1] and commenced this action seeking relief pursuant to 42 U.S.C. § 1983. Dkt. 1. He sues Dr. Batista for violating his Eighth Amendment right to adequate medical care. *Id.* He has also filed an application to proceed *in forma pauperis* ("IFP"). Dkt. 2.

Because James has submitted a signed motion and affirmation, a prison certification signed by a prison official, and a signed authorization, the Court finds James's application is complete and grants him permission to proceed IFP.

Because James is a prisoner proceeding IFP, the Court has conducted an initial review of the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(a). For the reasons below, the Court dismisses James's complaint with leave to amend.

[1] At the time of filing this case, James was confined at Elmira Correctional Facility.

# DISCUSSION

## I. LEGAL STANDARD

The Court conducts an initial review of complaints filed by prisoners and those proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(a). The initial review process "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Sections 1915 and 1915A direct courts to dismiss any case or "any portion of the complaint," that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Complaints filed *pro se* are liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). In evaluating a complaint, the Court "accept[s] all of the facts alleged in the complaint as true and draw[s] all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam).

The Federal Rules of Civil Procedure require plaintiffs to give each defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and to make "a demand for the relief sought," Fed. R. Civ. P. 8(a). A plaintiff satisfies these requirements by providing (1) the name or description of each defendant; (2) a short and plain statement of the relevant facts supporting each

claim against each defendant; and (3) the relief the plaintiff seeks, such as money damages, injunctive relief, or declaratory relief. *See, e.g.*, *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (per curiam) (concluding that the amended complaint satisfied Rule 8 because it "identified discrete defendants and the actions taken by [those] defendants" that allegedly violated the plaintiff's federally protected rights).

Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, *Abbas*, 480 F.3d at 639, but leave to amend pleadings may be denied when amendment would be futile, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## II. JAMES'S ALLEGATIONS

James alleges that he began taking mental health medication "around the year of 2015." Dkt. 1 at 5. Sometime later, he began lactating, having pain, and experiencing "other medical issues." *Id.* He has since been diagnosed with gynecomastia.[2] *Id.* Even though gynecomastia is a side effect of the mental health medication prescribed to James, prison medical providers "never told [him] of the side effects." *Id.* at 3, 15. In the years since James began lactating, he has "seen three doctors" who have only "put [him] on a pill to attempt to make it go away." *Id.* at 5. Recently, the doctors have begun to "talk[] of removing the tissue from [his] chest." *Id.*

---

[2] "Gynecomastia is a condition of overdevelopment or enlargement of the breast tissue in men or boys." Johns Hopkins Medicine, https://www.hopkinsmedicine.org/health/conditions-and-diseases/gynecomastia (last visited Feb. 8, 2024).

## III. SECTION 1983 CLAIMS

To state a valid claim under 42 U.S.C. § 1983, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). A prerequisite for liability under Section 1983 is the "personal involvement" of the defendant accused of the constitutional deprivation. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997). Thus, a plaintiff must plead "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

### A. Eighth Amendment

To establish an Eighth Amendment claim arising out of inadequate medical care, "a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Collymore v. Krystal Myers, RN*, 74 F.4th 22, 30 (2d Cir. 2023) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. 97, 104-05. "The standard of deliberate indifference includes both subjective and objective components." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

1. Serious Medical Need

The objective component requires a plaintiff to "show that, while he was incarcerated, he suffered from a medical condition that is, in objective terms, sufficiently serious." *Mallet v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 126 F.4th 125, 132 (2d Cir. 2025) (internal quotation marks and citation omitted). While "there is no single metric," a sufficiently serious medical condition "refers to a condition of urgency that may result in degeneration or extreme pain, that "significantly affects daily activities, or that involves chronic and substantial pain." *Id.* (internal quotation marks and citations omitted). On a spectrum, "[t]he condition need not be life-threatening or at the limit of human ability to bear, but it must be more than simply uncomfortable and annoying." *Id.* (internal quotation marks and citation omitted).

Here, James has alleged facts indicating a serious medical need. In particular, he alleges that he has been diagnosed with gynecomastia and that the condition causes him considerable pain. He further alleges that his gynecomastia has been unresponsive to treatment and prison doctors are therefore considering surgery to remove tissue from his chest. *See LaTouche v. Rockland Cnty.*, No. 22-CV-1437 (LTS), 2022 WL 953111, at *8 (S.D.N.Y. Mar. 29, 2022) ("In cases where a prisoner alleges that gynecomastia 'significantly affects daily activities' or cause[s] him 'chronic and substantial pain,' gynecomastia may qualify as a serious medical condition.") (collecting cases); *Neary v. Naqvi*, No. 3:14-CV-001631-VLB, 2017 WL 3205471, at *11 (D. Conn. July 27, 2017) (not disturbing the court's initial ruling

that allegations of gynecomastia and related pain "could constitute a serious medical need"), *aff'd on other grounds sub nom. Neary v. Wu*, 753 F. App'x 82 (2d Cir. 2019). At this initial stage, the Court finds that James has alleged he has a serious medical need.

2. Deliberate Indifference

Under the subjective component of the deliberate indifference standard, a plaintiff must allege that a defendant acted or failed to act "while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin v. Goord,* 467 F.3d 263, 280 (2d Cir. 2006). In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

Here, James's complaint does not include any facts that show Batista was personally involved or was aware of a substantial risk of serious harm to James. While Batista is listed as a defendant, the factual allegations do not mention him at all or state that he was aware of James's medical treatment or conditions—rather, James repeatedly states that "they" put him on medication, failed to advise him of side effects, etc. Accordingly, James has not alleged Batista's personal involvement in a deprivation of his constitutional rights. The Eighth Amendment claim against Batista is dismissed, but with leave to amend.

### B. Additional Defendants

James's complaint indicates that he may also be attempting to sue persons within the prison's mental/behavioral health department. Dkt. 1 at 5 (asking "for the Court to sue mental health for failure to stop meds and telling [him] the side [effects]"), 11 ( listing "Department of Mental Health" on a line provided for listing names of defendants). James also submitted, separately from his complaint, several medical records. Dkt. 4.[3]

James may reallege a deliberate indifference claim against officials or medical providers in an amended complaint. If James does not know the names of those individuals, "he may identify each of them as John Doe Correctional Officer or Jane Doe Medical Officer or the like, and provide identifying information." *Halperin v. N.Y. City Dep't of Correction*, No. 19CV6266BMCLB, 2019 WL 6328775, at *3 (E.D.N.Y. Nov. 26, 2019).

## CONCLUSION

Because James has met the statutory requirements of 28 U.S.C. § 1915A(a) and has filed the required authorization, his request to proceed *in forma pauperis* is granted.

For the reasons set forth above, the claims against Batista and any unnamed officials are dismissed with leave to amend.

[3] The Court notes that these records do not mention Dr. Batista.

James may file an amended complaint by **October 1, 2026**, that corrects the deficiencies discussed above and otherwise complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

James is advised that an amended complaint is intended to **completely replace** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all allegations against each defendant so that the amended complaint stands alone as the only complaint that the defendants must answer in this action. If James does not know the name of an individual with personal involvement, he may refer to that defendant as "John Doe" or "Jane Doe." In that case, he should allege as much identifying information as he can about them to assist with ascertaining their identities.

James is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

**ORDER**

IT HEREBY IS ORDERED that James's application to proceed IFP (Dkt. 2) is GRANTED; and it is further

ORDERED that James's complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1); and it is further

ORDERED that James is granted leave to file an amended complaint asserting his Eighth Amendment deliberate indifference claim as directed above by no later than **October 1, 2026;** and it is further

ORDERED that the Clerk of Court is directed to send to James with this order a copy of the original complaint, a blank Section 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if James does not file an amended complaint as directed above, the complaint shall remain dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(2)(ii), but with prejudice, and the Clerk of Court shall close this case as dismissed without further order; and it is further

ORDERED that in the event the complaint is dismissed because James has failed to file an amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals IFP is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal IFP should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in

accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that James shall notify the Court in writing if his address changes. The Court may dismiss the action if James fails to do so.

SO ORDERED.

DATED: August 17, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE